Case 2:20-cv-00429-ACE    ECF No. 31    filed 09/20/22    PageID.694    Page 1 of 12

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 20, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY F.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 2:20-CV-00429-ACE <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF No. 17, 18 |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney Christopher H. Dellert represents Jeffrey F. (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1]To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income alleging disability since October 1, 2017, due to "Irritation, Mood Swings, Bipolar, and Autism Spectrum Disorder." Tr. 208. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on February 6, 2020, Tr. 31-49, and issued an unfavorable decision on March 27, 2020, Tr. 15-25. The Appeals Council denied Plaintiff's request for review on October 15, 2020. Tr. 1-6. The ALJ's March 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 23, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on March 23, 1996, Tr. 171, and was 22 years old on the amended disability onset date, November 2, 2018, Tr. 34. He completed high school and a carpentry training program through Job Corps. Tr. 209. Plaintiff's disability report indicates he stopped working on October 31, 2017, because of his conditions. Tr. 208. Plaintiff testified at the administrative hearing that the main reason he was not able to work would most likely be his occasional, very intense outbursts of emotion. Tr. 35-36.

Plaintiff testified he sometimes feels depressed, Tr. 37; he was usually able to bathe, brush his teeth, comb his hair and perform household tasks like doing the dishes and vacuuming, Tr. 37; he sometimes had difficulty leaving his house, Tr. 38; handling change in his routine had recently not been a big problem because his schedule was open, but he was sometimes easily distracted, Tr. 38-39; and he sometimes had difficulty with memory and completing projects, Tr. 40. At the time of the hearing, he was not taking any medications for his symptoms. Tr. 42.

///

///

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a

physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 27, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 2, 2018, the disability application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: depression, anxiety, and obesity. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional limitations with the following non-exertional limitations: he will be off task and not productive 10% of the workday; he can perform some detailed instructions and tasks; he can have no interaction with the general public; and he can have only incidental contact with coworkers. Tr. 20.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work. Tr. 23.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and

RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of lumber handler, commercial cleaner, and laborer landscape. Tr. 23-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from November 2, 2018, the disability application date, through the date of the ALJ's decision, March 27, 2020. Tr. 24-25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the issues before the Court are whether the ALJ erred: (1) in his consideration of Plaintiff's subjective allegations; and (2) in his weighing of the opinions of the examining medical source. ECF No. 17 at 2.

## DISCUSSION

**A.    W. Douglas Uhl, Psy.D.**

Plaintiff contends the ALJ erred by failing to give legally sufficient reasons for rejecting the medical opinions of W. Douglas Uhl, Psy.D. ECF No. 17 at 12-16. Defendant responds that the ALJ reasonably determined the marked limitations assessed by Dr. Uhl were unpersuasive. ECF No. 18 at 9-15.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical

finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how they considered the other factors, but the ALJ is not required to except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

On January 22, 2018, Dr. Uhl completed a mental status examination of Plaintiff and filled out a Psychological/Psychiatric Evaluation form. Tr. 345-350. Dr. Uhl noted Plaintiff reported panic attacks in almost every new situation and was taking anti-depressant medication for depression symptoms. Tr. 347. Dr. Uhl

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

diagnosed Bipolar I Disorder, most recent episode depressed; panic disorder; and conversion disorder (only present when employed). Tr. 347. With respect to Plaintiff's basic work activities, Dr. Uhl opined Plaintiff's overall severity rating was moderate, finding one marked limitation (in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision). Tr. 348. On September 18, 2018, Dr. Uhl completed another psychological/psychiatric evaluation, and, on this occasion, he concluded Plaintiff had several marked limitations despite again finding Plaintiff's overall severity rating was moderate. Tr. 357-360.

The ALJ found the opinion of Dr. Uhl "less persuasive," noting it was not entirely consistent with Plaintiff's treatment notes and not supported by Plaintiff's benign presentation. Tr. 22. The ALJ noted Dr. Uhl's opinions relied, in part, on Plaintiff's self-reported symptoms and limitations; however, Plaintiff's description of difficulties was contrary to his endorsement of only mild symptoms of depression and anxiety during appointments with other providers. Tr. 22. The ALJ indicated Dr. Uhl was unaware of this evidence because he reviewed no outside records. Tr. 22.

With respect to consistency, the ALJ noted Dr. Uhl's marked limitation findings were inconsistent with Plaintiff's treatment notes as providers typically observed Plaintiff in no distress and found Plaintiff had normal mood, behavior, speech, dress, motor activity, thought processes, alertness, and orientation. Tr. 22, 368 (alert, well appearing, and in no distress; normal mood, speech, dress, motor activity, and thought processes), 371 (same), 373 (same), 409 (same), 465 (same), 475 (same), 387 (logical and progressive thought content, congruent with a presenting affect of cooperative and pleasant), 415 (mood, memory, affect and judgment normal), 462 (memory, affect and judgment normal). The ALJ also noted Plaintiff's description of severe symptoms to Dr. Uhl, *see* Tr. 347 (reporting he has panic attacks in almost every new situation), 357 (reporting that some days

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

he was not able to get out of bed, had no motivation, feels depressed, and does not care about what happens that day), contrasted with the mild mental health symptoms he endorsed elsewhere in the record, *see* Tr. 409-410 (feels his symptoms had improved since discontinuing his prescribed medications), 415 (feels stable on medication), 465, 474.  Tr. 22.  The ALJ found persuasive other medical professionals who opined Plaintiff was capable of performing detailed tasks and completing a normal workweek with occasional, superficial contact with others.  Tr. 22 citing Tr. 58-60, 71-73.  Dr. Uhl's opinions were not consistent with the foregoing medical evidence.

Moreover, the undersigned finds it significant that Dr. Uhl's initial report noted the duration of Plaintiff's impairment would persist for only nine months, there was no need for a protective payee, vocational training or services would "minimize or eliminate barriers to employment," and that Plaintiff should be referred to DVR[3] as soon as possible.  Tr. 349.  Accordingly, Dr. Uhl's initial report is also internally inconsistent.

With respect to supportability, as noted by the ALJ, Tr. 22, Dr. Uhl reviewed no relevant outside records in preparation of his evaluation.  Tr. 345 (reviewed only December 2014 DSHS psychological evaluation which is not a part of the administrative record), 357 (reviewed only his own January 22, 2018 evaluation).  However, as discussed above, treatment notes reflect Plaintiff typically presented in no distress; had normal mood, behavior, speech, dress, motor activity, thought processes, alertness, and orientation; and reported only mild mental health

---

[3]DVR is a statewide resource assisting people with disabilities to prepare for, secure, maintain, advance in, or regain employment.  DVR partners with organizations and businesses to develop employment opportunities and serves people who seek meaningful, secure employment but whose disabilities may result in one or more barriers to achieving an employment goal.

symptoms. *Supra*. In addition, the only new information provided by Dr. Uhl in his September 18, 2018 report is that Plaintiff was fired from his last job for insubordination in October 2017, Tr. 357, and that there were occasions during the interview portion of the evaluation where Plaintiff was a "smart ass," Tr. 358. Nevertheless, on this occasion, Dr. Uhl concluded, without explanation, that Plaintiff now had several marked limitations. Tr. 358-359. Dr. Uhl's opinion that Plaintiff had marked limitations is not supported.

      The Court finds the ALJ provided sufficient rationale for finding unpersuasive the marked limitations assessed by Dr. Uhl. The ALJ's conclusion in this regard is supported by substantial evidence.

**B.     Plaintiff's Subjective Complaints**

      Plaintiff challenges the ALJ's rejection of Plaintiff's subjective allegations. ECF No. 17 at 3-12. Defendant responds that the ALJ reasonably found Plaintiff's subjective complaints inconsistent with the evidence of record. ECF No. 18 at 3-8.

      It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

      In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 20.

The ALJ first determined Plaintiff's allegations of disabling mental impairments were not consistent with the objective medical evidence. Tr. 21.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006).

The ALJ acknowledged Plaintiff had been diagnosed with depression and anxiety and treated with counseling and medications. Tr. 21. However, as discussed in Section A, above, treatment notes reveal providers typically observed Plaintiff in no distress and noted Plaintiff had normal mood, behavior, speech, dress, motor activity, thought processes, alertness, and orientation. *Supra*. As indicated by the ALJ, Tr. 21-22, Plaintiff endorsed mild mental health symptoms from January 2019 through October 2019, and state agency reviewers Jon Anderson, Ph.D., and Renee Eisenhauer, Ph.D., found Plaintiff capable of performing detailed tasks and completing a normal workweek with occasional, superficial contact with others. Tr. 58-60, 71-73.

The Court finds the credible objective medical evidence of record demonstrates Plaintiff was not as limited as he alleged in this case.

The ALJ next mentioned Plaintiff reported stabilization of his symptoms with therapy and medications. Tr. 21.

An ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling).

///

///

As indicated by the ALJ, Tr. 21, the record reflects Plaintiff reported his symptoms stabilized with therapy and medications, *see* Tr. 370 (patient has been stable), 415 (reported feeling stable on medication), 436 (feeling more stable), 464 (symptoms are currently manageable). Moreover, Plaintiff testified at the administrative hearing that he was not taking any medication for his symptoms. Tr. 21, 42.

The evidence of record supports the ALJ's finding that Plaintiff's symptoms improved when he was complaint with his medication management.

The ALJ also indicated Plaintiff gave inconsistent statements regarding his symptoms and limitations. Tr. 21.

In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When a claimant fails to be a reliable historian, "this lack of candor carries over" to other portions of his testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ mentioned Plaintiff alleged he was unable to live independently, Tr. 430, yet he had been living alone in an apartment since October 2016, Tr. 191, and that Plaintiff's allegations of inability to work were inconsistent with his occasional searches for jobs on the computer, 358. Tr. 21. Plaintiff additionally mentioned difficulty with maintaining focus, but the ALJ noted Plaintiff had no apparent problems maintaining focus while playing video games for multiple hours throughout the day, Tr. 345. Tr. 21.

The ALJ appropriately found these inconsistencies detracted from Plaintiff's overall believability.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in

evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel. **Judgment shall be entered for DEFENDANT and the file shall be CLOSED**.

DATED September 20, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE